IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
TAMPA DIVISION

**CHRISTINE PARKMAN,**

**Plaintiff,**

**vs.**                                                          **CASE NO.:**

**SHOOTERS WORLD, LLC,**

**Defendant.**

_____/

## COMPLAINT

Plaintiff, CHRISTINE PARKMAN, by and through her undersigned counsel, hereby sues the Defendant, SHOOTERS WORLD, LLC, a Florida company and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.     Plaintiff, CHRISTINE PARKMAN, is a resident of Hillsborough County, Florida.

4.     Defendant, SHOOTERS WORLD, LLC, is a Florida company, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5.     Defendant, SHOOTERS WORLD, LLC is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6.     At all times material, Defendant, SHOOTERS WORLD, LLC, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     On August 18, 2022, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11.     On May 8, 2023, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination.  This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13.     Plaintiff began her employment with the Defendant on or around August 1, 2022 as a Range cashier.

14.     Plaintiff is an African American female.

15.     On Plaintiff's first day of employment with Defendant, a white male employee named Neil touched Plaintiff and said, "Nigger get out the way."

16.     Plaintiff and another co-worker reported the incident to the supervisor, Natasha who responded, "Neil has done this to other females

3

employees and most just quit."

17.     Natasha told Plaintiff to put up with it for the time being and that she would handle it.

18.     The following day, another supervisor, Mr. Olga, told Plaintiff that he heard about the incident with Neil.  He apologized and said, "Neil is a creep and has done this before."

19.     The next day, Neil said loudly, "I didn't run the nigger away yet." An employee told Neil to stop.

20.     The next day, supervisors, Kailin and Fernando called Plaintiff into the office and told her that because she had been complaining about racial comments on the range, they were moving her to front cashier.

21.     Later that day, after Neil overheard Plaintiff say that she was married to a women, he came up to Plaintiff and called her a "lesbian nigger."

22.     Plaintiff  informed supervisor, Fernando what Neil had said and told him that it was the third time he has called her nigger and asked Fernando what he was going to do about it.  Fernando responded, "They're just mean boys."

23.     On the following day, a co-worker asked Plaintiff, "Are you the lesbian Black girl I heard about?"  Again, Plaintiff complained to Fernando.

24.     The next day, a customer overheard employees on the range and

told Plaintiff she shouldn't have to put up with people calling her a lesbian nigger.

25.     That same day, Plaintiff was going to purchase a gun and she asked Fernando to do a background check but later did it herself, which was part of her job duties.

26.     The next day, Plaintiff was terminated.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

27.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 26.

28.     Plaintiff is a Black female.

29.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

30.     Defendant knew, or should have known of the discrimination.

31.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotion pain and suffering;

e.    Punitive damages;

f.    For costs and attorney's fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CHRISTINE PARKMAN, demands a trial by jury and judgment against Defendant, SHOOTERS WORLD, LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## 42 U.S.C. § 1981 - RETALIATION

32.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 26.

33.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

34.    The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.* and Section 1981.

35.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Compensatory damages, including those for emotional pain and suffering;

f.    Punitive damages;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, CHRISTINE PARKMAN, demands a trial by jury and judgment against Defendant, SHOOTERS WORLD, LLC for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## TITLE VII - RACE DISCRIMINATION

36.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 26.

37.    Plaintiff is a member of a protected class under Title VII.

38.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act.

39.    Defendant knew, or should have known of the discrimination.

40.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotion pain and suffering;

e.    Punitive damages;

f.    For costs and attorney's fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, CHRISTINE PARKMAN, demands a trial by jury and judgment against Defendant, SHOOTERS WORLD, LLC, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## TITLE VII - RETALIATION

41.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 26.

42.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

43. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

44. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain and suffering;

    f. Punitive damages;

    g. Injunctive relief;

    h. Attorney's fees and costs; and

    i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, CHRISTINE PARKMAN, demands a trial by jury and judgment against Defendant, SHOOTERS WORLD, LLC for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## TITLE VII – SEXUAL HARASSMENT

45.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 26.

46.    Plaintiff is a member of a protected class of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

47.    The aforementioned actions by Defendant constitute unwelcome sexual harassment.

48.    The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

49.    Defendant knew of or should have known of the harassment to Plaintiff.

50.    The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

51.    Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

52.    As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer the following damages.

       a.    Back pay and benefits;

       b.    Interest on back pay and benefits;

       c.    Front pay and benefits;

10

      d.     Interest on front pay and benefits;

      e.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      f.     Punitive damages;

      g.     Attorney's fees and costs; and

      h.     All such other relief and damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, CHRISTINE PARKMAN, demands a trial by jury and judgment against Defendant, SHOOTERS WORLD, LLC for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

53.     Plaintiff, CHRISTINE PARKMAN, requests a jury trial on all issues so triable.

DATED this 5th day of June 2023.

**FLORIN | GRAY**

*/s/Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary: chris@floringray.com
Secondary: debbie@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558

Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff